UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Corinne Kelly,<br><br>                    Plaintiff,<br><br>    v.<br><br>Federal Bond and Collection Service, Inc.; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: 1:15-cv-2095<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Corinne Kelly, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Corinne Kelly ("Plaintiff"), is an adult individual residing in Hagerstown, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Federal Bond and Collection Service, Inc. ("FBCS"), is a Pennsylvania business entity with an address of 2200 Byberry Road, Suite 120, Hatboro, Pennsylvania 19040, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by FBCS and

whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. FBCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to FBCS for collection, or FBCS was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. FBCS Engages in Harassment and Abusive Tactics

12. In or around December 2014, FBCS began calling Plaintiff in an attempt to reach "Steven Starliber" (the "Debtor").

13. When Plaintiff answered calls from FBCS, she heard a prerecorded message instructing her to press "2" if she was not the Debtor.

14. In March 2015, Plaintiff pressed "2" to indicate that she is not the Debtor.

15. Nevertheless, FBCS continued to call Plaintiff in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendants are each individually a "collector" as defined by MD. Code Comm. Law § 14-201(b).

26. The debt is a "consumer transaction" as defined by MD. Code Comm. Law § 14-

3

201(c).

27. Defendants repeatedly contacted Plaintiff with the intent to harass, in violation of MD. Code Comm. Law § 14-202(6).

28. Plaintiff is entitled to damages proximately caused by Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b); and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 17, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF